Mathew K. Higbee, Esq. SBN 24076924
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(813) 710-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
MARIE BARSCH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE BARSCH,<br><br>Plaintiff,<br><br>v.<br><br>NO PAIN ALL GAIN SPA, LLC;<br>and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:25-cv-10392<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Marie Barsch, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Marie Barsch ("Barsch") is an individual and professional photographer residing in the United Arab Emirates.

6. Defendant No Pain All Gain Spa, LLC ("NPAG Spa") is a California limited liability company with a principal place of business at 324 South Rexford Drive Unit 4, Beverly Hills, California 90212.

7. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## FACTUAL ALLEGATIONS

9. Plaintiff Barsch is a successful fashion and beauty photographer.

10. Barsch's photographs have appeared in numerous publications such as *Vogue*, *Elle*, *Harpers Bazaar*, *Marie Claire*, *Cosmopolitan*, and *Vanity Fair*.

11. Barsch is the sole author and exclusive rights holder to a close-up

photograph of a green-eyed model holding two halves of an orange ("Orange Photograph").

12. Attached as Exhibit A is a true and correct copy of the Orange Photograph.

13. Barsch registered the Orange Photograph with the United States Copyright Office under Registration Number VA 2-337-266 with an Effective Date of Registration of February 9, 2023.

14. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate for the Orange Photograph.

15. NPAG Spa is California limited liability company with a principal place of business in Beverly Hills, California.

16. Defendant NPAG Spa is a medical spa offering aesthetic treatments such as Botox, fillers, neurotoxins, and medical weight loss. *See generally* www.nopainallgainspa.com.

17. Upon information and belief, Defendant is and was at all relevant times, the owner and operator of the website www.nopainallgainspa.com ("Defendant's Website").

18. At all relevant times, the Defendant's Website was readily accessible to the general public throughout California, the United States, and the world.

19. Defendant NPAG Spa generates content on Defendant's Website for commercial purposes to attract user traffic, to market and promote NPAG Spa's products to increase the customer base and revenue.

### *Defendants' Unauthorized Use of the Orange Photograph and Willful Infringement*

20. On or about April 25, 2023, Barsch discovered her Orange Photograph being used on Defendant's Website with NPAG Spa's logo, which includes their business name, added to the Orange Photograph ("Infringing Use").

21. Attached hereto as Exhibit C are true and correct screenshots of the

Orange Photograph as used in the Infringing Use on Defendant's Website.

22. The purpose of the use of the Orange Photograph in the Infringing Use was to provide high-quality and aesthetically pleasing content on Defendant's Website congruent with NPAG Spa's marketing goals to entice users to purchase and use Defendant's products.

23. Barsch does not have a record of the Orange Photograph being licensed to NPAG Spa, nor did Barsch give NPAG Spa permission or authorization to use, make a copy of, or publicly display the Orange Photograph on Defendant's Website or any other platform.

24. NPAG Spa (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Orange Photograph and caused it to be uploaded to and displayed on Defendant's Website.

25. NPAG Spa (including their agents, contractors or others over whom they have responsibility and control) willfully used, displayed, published, and otherwise held out to the public Barsch's original and unique Orange Photograph in order to acquire a direct financial benefit, through revenue from the sales of Defendant's products and services, from the use of the Orange Photograph.

26. After discovering the unauthorized use of the Orange Photograph, Barsch, through her counsel, contacted NPAG Spa in an attempt to resolve this matter but the parties were unable to resolve the matter.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

27. Barsch incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. Barsch owns a valid copyright in the Orange Photograph.

29. Barsch registered the Orange Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendant (including the employees, agents, contractors or others over

whom they have responsibility and control) willfully and deliberately infringed upon Barsch's rights in her copyrighted Orange Photograph in violation of 17 U.S.C. § 501 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use Orange Photograph.

31. As a result of Defendants' violations of Title 17 of the U.S. Code, Barsch has sustained significant injury and irreparable harm.

32. As a result of Defendant's violations of Title 17 of the U.S. Code, Barsch is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Barsch's election, statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

33. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

34. Barsch is also entitled to injunctive relief to prevent or restrain infringement of the copyright in her Orange Photograph pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSE COPYRIGHT MANAGEMENT INFORMATION
## U.S.C. § 1202(a)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally added false copyright management information to the Orange Photograph. *See* Exhibit C.

37. Specifically, Defendants made unauthorized copies of the Orange Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Orange Photograph and added false copyright management information before publishing the Orange Photograph to Defendant's Website.

38. Defendant added the falsified copyright management information with

the intent to conceal their infringement, mislead consumers into believing the Orange Photograph was owned by NPAG Spa, and/or lead consumers to believe the Orange Photograph reflected the use of Defendant's services.

39. Defendant's conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Orange Photograph; Defendants knew they had not licensed the Orange Photograph for use on the NPAG Spa Facebook Page; and Defendants knew they did not have consent to use the Orange Photograph for use on the Defendant's Website or any other platform.

40. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(a).

41. As a result of NPAG Spa's violation of 17 U.S.C. § 1202, Plaintiff has sustained significant injury and irreparable harm.

42. As a result of NPAG Spa's violations of 17 U.S.C. § 1202, Plaintiff is entitled to any actual damages and profits attributable to the violations of 17 U.S.C. § 1202, or in the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Barsch prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendant infringed Barsch's copyright interest in the Orange Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Barsch's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For a finding that Defendants intentionally added false copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(a);
- For an award of statutory damages for each violation of § 1202(a), pursuant to 17 U.S.C. § 1203(c)(3)(B);
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: October 29, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff, Marie Barsch, hereby demands a trial by jury in the above matter.

Dated: October 29, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*